# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

United States of America

v.                                                Case No. 1:25-mj-00042-SH

Ivan Aguirre-Leon
*Defendant*

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐  Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒  Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing on January 28, 2025 and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐  **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☐  **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐  **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b

   ☐  **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ☐  **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐  **(5)** involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**B. Conclusions Regarding Applicability of Any Presumption Established Above**

   ☐  The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

   **OR**

   ☐  The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include:

☐  Subject to lengthy period of incarceration if convicted
X  Prior criminal history
X  Participation in criminal activity while on probation, parole, or supervision
X  History of violence or use of weapons
X  History of alcohol or substance abuse
☐  Lack of stable employment
☐  Lack of stable residence
☐  Lack of financially responsible sureties
☐  Lack of significant community or family ties to this district
☐  Significant family or other ties outside the United States
X  Lack of legal status in the United States
X  Subject to removal or deportation after serving any period of incarceration
☐  Prior failure to appear in court as ordered
☐  Prior attempt(s) to evade law enforcement
X  Use of alias(es) or false documents
☐  Background information unknown or unverified
☐  Prior violations of probation, parole, or supervised release

**Other Reasons or Further Explanation:**

I find that the Government has met its burden to show by a preponderance of the evidence that there is a serious risk that Mr. Aguirre-Leon will flee pursuant to 18 U.S.C. § 3142(f)(2)(A). My decision is based on the identified factors, any others stated on the record during the hearing, and the recommendation of Pretrial Services, which is that Mr. Aguirre-Leon be detained pending trial. Evidence was presented at the detention hearing that Mr. Aguirre-Leon, who lacks legal status, voluntarily returned to Mexico in 2011 and has been removed from the United States three times since – in 2019, 2020, and 2022 – returning each time without permission. In addition to illegal reentry, he has been convicted of felony misuse of a passport and making as false statement to a federal agency or agent, and his supervised release revoked. Mr. Aguirre-Leon also has a pending charge for assault causing bodily injury to a family member. Considering all the evidence, the Court finds that there is no condition or combination of conditions that will reasonably assure Mr. Aguirre-Leon's appearance as required and that there is a serious risk that he will flee.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** on January 28, 2025.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE